# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 24 2019, 7:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Regina A. Beard,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 24, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2400<br><br>Appeal from the Ripley Circuit Court<br><br>The Honorable Darrell M. Auxier, Special Judge<br><br>Trial Court Cause No.<br>69C01-1209-FB-24 |

**Mathias, Judge.**

[1] Regina Beard ("Beard") appeals the Ripley Superior Court's revocation of her probation, arguing the trial court abused its discretion when it ordered her to

serve four years of the balance of her previously suspended sentence in the Department of Correction ("DOC").

[2] We affirm.

## Facts and Procedural History

[3] In March of 2014, Beard pleaded guilty to Class B felony conspiracy to manufacture methamphetamine. She was ordered to serve eleven years in the DOC with eight years suspended to probation. After serving her executed time, Beard began probation on November 25, 2015. Less than one year later, the State filed a petition to revoke her probation after she tested positive for amphetamine and methamphetamine on October 17, 2016. Appellant's App. p. 78. Beard again tested positive for amphetamine and methamphetamine in February 2017. *Id.* at 86. She admitted she had violated her probation, and the court revoked one year of her previously suspended eight-year sentence on June 2, 2017. *Id.* at 91.

[4] Beard was released on probation on September 14, 2017. She agreed to participate in Moral Reconation Therapy ("MRT") and signed an agreement that her probation could be revoked if she missed two MRT sessions without excuse. *Id.* at 95. She immediately missed MRT sessions on October 5 and 10, 2017. Beard met with a probation officer on October 17, who informed her that her probation would likely be revoked due to her two unexplained absences from her MRT sessions. Tr. p. 7. Beard then failed to attend a third MRT session that same day and failed to check in with her probation officer for six

months. *Id.* An arrest warrant was issued on October 30, 2017. Appellant's App. pp. 9, 98.

Beard admitted to violating her probation on August 7, 2018. Tr. p. 4. The trial court revoked four years of the balance of her previously suspended sentence and recommended a Therapeutic Community and Purposeful Incarceration. *Id.* at 10; Appellant's App. p. 100 The trial court indicated it would modify Beard's sentence if she successfully completed the Purposeful Incarceration program without conduct violations. Tr. p. 10. Beard now appeals.

## Discussion

Probation is a matter of grace left to the trial court's discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the probationer violates the conditions. *Id.* Beard admitted she violated her probation. Therefore, the trial court had the option of imposing one of the following sanctions: (1) continue Beard on probation, with or without modifying or enlarging the conditions; (2) extend her probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. *See* Ind. Code § 35-38-2-3(h).

A trial court's sentencing decisions are reviewed according to the abuse of discretion standard. *Prewitt*, 878 N.E.2d at 185. An abuse of discretion occurs if

the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* at 188.

[8] Beard argues the trial court abused its discretion when it ordered her to serve four years of her previously suspended sentence in the DOC. Beard argues in-home monitoring is sufficient to ensure her attendance at MRT sessions, and that if incarceration is appropriate, a sentence between one and four years is more appropriate because missing MRT sessions is a less egregious violation than the use of drugs or a new criminal offense. Tr. p. 8; Appellant's Br. at 10.

[9] It is well within the trial court's discretion to revoke Beard's probation and order her to execute a portion of her sentence. *See* I.C. § 35-38-2-3(h)(3). A court may revoke probation after a single violation; this is Beard's second. Beard tested positive for drug use less than a year into her probation and tested positive again three months later. Beard then violated her probation by failing to report to MRT sessions a mere six weeks after she was released from incarceration after her first probation violation. She also failed to report to her probation officer for six months because she did not want to "face the music." Tr. p. 7. Beard has shown that less restrictive monitoring is insufficient to ensure her compliance. The court's decision to revoke four years of the balance of Beard's previously suspended sentence is not an unwarranted response to the violations she committed, especially given the court's willingness to consider a modification to her sentence upon completion of the Purposeful Incarceration program.

# Conclusion

For all of these reasons, we conclude that the trial court acted within its discretion when it revoked Beard's probation and ordered her to serve four years of her previously suspended sentence in the DOC.

Affirmed.

May, J., and Brown, J., concur.